UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   23-cv-06453 (EAW)

THERESA THOMAS,

        Plaintiff

-against-

LAW OFFICES OF STEVEN COHEN, LLC
and STEVEN COHEN,

        Defendants

--------------------------------------------------------------x

AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## PRELIMINARY STATEMENT

1. The Plaintiff THERESA THOMAS ("Plaintiff") brings this action based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendants. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Based upon the Defendants' violations of the FDCPA, as set forth and alleged herein, the Plaintiff is entitled to actual damages, statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Amended Complaint, the Plaintiff was a citizen of, and otherwise resided in Rochester, New York.

5. The Defendant Law Offices of Steven Cohen, LLC ("LOSC"), is a New York corporate entity and is registered as such with the New York Secretary of State.

6. The Defendant LOSC maintains a principle place of business located at 540 East 180th Street, Suite 203, Bronx, New York.

7. The Defendant LOSC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8. The Defendant LOSC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant Steven Cohen, LLC ("Cohen") is an attorney at law and, upon information and belief, the President and majority shareholder of the Defendant LOSC New York corporate entity and is registered as such with the New York Secretary of State.

10. The Defendant Cohen collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

11. The Defendant Cohen is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & VENUE

12. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this

federal judicial district.

## FACTS CONCERNING THE PLAINTIFF

14. The Defendants were retained to represent an entity doing business as Ally Financial, Inc. in conjunction with a personal debt owed by another person by the same name of Theresa Thomas.

15. Upon information and belief, the debt was incurred for personal, family and/or household purposes thus it constitutes a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Upon information and belief, the Defendants were retained to collect upon a judgment entered in conjunction with the debt, said judgment being entered in the Supreme Court of the State of New York, County of Monroe.

17. Under cover of a letter dated February 14, 2023, the Defendants forwarded a consent to change attorney to the Plaintiff, said letter being addressed to the Plaintiff at her home address, 25 Morville Drive, Rochester, New York 14615. A copy of said letter and consent to change attorney is attached herewith as Exhibit "1".

18. After receiving the letter the Plaintiff placed a telephone call to the Defendant LOSC and advised a person associated therewith that she is not the Theresa Thomas named in the lawsuit wherein judgment was entered.

19. The person associated with the Defendant LOSC agreed with the Plaintiff.

20. Based upon the telephone call placed by the Plaintiff to the Defendant LOSC, the Defendants were aware that the Theresa Thomas who resides at 25 Morville Drive, Rochester, New York is not the correct judgment debtor.

21. Despite having knowledge that the Theresa Thomas who resides at 25 Morville Drive, Rochester, New York is not the correct judgment debtor, the Defendants drafted a wage garnishment, dated April 4, 2023 and addressed to the Plaintiff's employer, Baldwin Richardson Foods Co. located in Macedon, New York. A copy of said wage garnishment is attached herewith as Exhibit "2".

22. Incredibly, and despite having knowledge that the Theresa Thomas who resides at 25 Morville Drive, Rochester, New York is not the judgment debtor, the address 25 Morville Drive, Rochester, New York is set forth in the wage garnishment under the Plaintiff's name.

23. The Defendants forwarded the wage garnishment to the Monroe County Sheriff, who then forwarded the garnishment to the Plaintiff's employer under cover letter dated April 27, 2023. A copy of said letter is attached herewith as Exhibit "3".

24. As a result of the improper wage garnishment, a total of $374.37 was withheld from the Plaintiff's wages. This amount has not been returned to the Plaintiff as of date.

25. After learning that her wages were being garnished, the Plaintiff again placed a telephone call to the Defendant LOSC and, again, advised that she is not the Theresa Thomas who is the judgment debtor.

26. Instead of advising the Plaintiff that the Defendant LOSC would promptly contact both the Monroe County Sheriff and the Plaintiff's employer to call back the wage garnishment, a person associated with the Defendant LOSC advised the Plaintiff that *she* should advise her employer of the mistaken wage garnishment.

27. As a result of the Defendants' wrongful actions the Plaintiff suffered actual damages constituting concrete and particularized injury in fact, including monetary loss, emotional distress, anxiety, loss of sleep and embarrassment.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. The Defendants violated the FDCPA. The Defendants' violations include, but are not limited to, the following:

    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequences of which is to harass, oppress and abuse any person in connection with the collection of a debt.

    The Defendants violated 15 U.S.C. § 1692e by engaging in false, deceptive and misleading representations in connection with the collection of a debt.

    The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal character of an alleged debt.

    The Defendants violated 15 U.S.C. § 1692f by engaging in unfair means in connection with the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff

as follows:

(i) Actual damages in an amount to be determined at the time of trial pursuant to 15 U.S.C. § 1692k(a)(1);

(ii) The maximum statutory damages allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
October 29, 2023

ROBERT L. ARLEO, ESQ. P.C.

By: */s/ Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
1345 Sixth Avenue, 33rd Fl.
New York, New York 10105
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com
Attorney for the Plaintiff