SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF MONROE, INDEX NO. 5112/17
Judgment Creditor(s):
Ally Financial Inc.,

## INCOME EXECUTION
## THE PEOPLE OF THE STATE OF NEW YORK

Judgment Debtor(s)(name and last known address)   TO THE ENFORCEMENT OFFICER, GREETING:

The Enforcement Officer is the Sheriff, Marshal of the City or Constable of the Town or Village authorized by law to enforce income execution.

THERESA A THOMAS
25 MORVILLE DR, ROCHESTER NY 14615

A Judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars are as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| Supreme Court, MONROE | August 29, 2017 | $5244.35 | $5244.35 | No Interest |

The Judgment was recovered against THERESA A THOMAS, defendant(s), and transcripted with the Clerk of County on

This execution is issued against THERESA A THOMAS, defendant(s), whose last known address is 25 MORVILLE DR, ROCHESTER NY 14615, whose social security number is enclosed in the accompanying letter, and who is receiving or will receive $500.00 (approx.) or the New York State minimum wage ($426.00) for each WEEKLY pay period from the Employer, "Employer", herein, includes any payor of money to Judgment Debtor. The Employer's name and address is

**BALDWIN RICHARDSON FOODS CO**
**3268 BLUE HERON DR, MACEDON NY 14502**

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR □ 5231.

Directions to Judgment Debtor: You are to notify and commenced immediately to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days, this Income Execution will be served upon the Employer by the Enforcement Officer.

Directions to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of the Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earning commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated: April 4, 2023

STEVEN COHEN

LAW OFFICES OF STEVEN COHEN LLC
Attorneys for Judgment Creditor(s)
540 East 180th Street, Suite 203
Bronx, New York 10457
(212)564-1900
File No. 121206

## IMPORTANT STATEMENT

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules ☐ 5231 and 15 United States Code ☐ 1671, et seq.

I.   LIMITATIONS ON THE AMOUNT THAT CAN BE WITHHELD:

   A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

   B.   If a judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($7.25* per hour), or $217.50* or the New York State minimum wage ($14.20 per hour*), or $426.00, no deduction can be made from the judgment debtor's earning under this income execution.

   C.   A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying this thirty (30) times the current federal minimum wage ($7.25* per hour) or $217.50* or the New York State minimum wage (($14.20 per hour*), or $426.00, under this income execution.

   D.   If deductions are being made from a judgment debtor's earnings under any for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

   E.   If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five (25%) of the judgment debtor's disposable earnings, deductions can be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this income execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

NOTE: NOTHING IN THIS NOTICE LIMITS THE PROPORTION OR AMOUNT WHICH MAY BE DEDUCTED UNDER ANY ORDER FOR ALIMONY, SUPPORT OR MAINTENANCE FOR FAMILY MEMBERS OR FORMER SPOUSES.

II.   EXPLANATION OF LIMITATIONS:

Definitions

Disposable Earnings - Disposable Earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.)

Gross Income - Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

ILLUSTRATIONS REGARDING EARNINGS:

| If disposable earnings is: | Amount to pay or deduct from earnings under this income execution is: |
|---|---|
| (a) 30 times the greater of the federal ($217.50*) or state minimum wage ($426/$450.00**) or ($450.00^) or less. | No payment or deduction allowed. |
| (b) More than 30 times the greater of the federal ($217.50*) or state minimum wage ($426.00/$450.00**) or ($450.00^) and less than 40 times the federal ($290.00*) or state ($586.00/$600.00**) minimum wage or ($600.00^). | The lesser of: the excess over 30 times greater the federal ($290.00*) or state ($586.00/$600.00**) or ($600.00^) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times the greater of the federal ($290.00*) or state minimum wage ($586.00/$600.00**) or ($600.00^) or more. | The lesser of: 25% of disposable earnings or 10% of gross earnings. |

III. NOTICE: YOU MAY BE ABLE TO CHALLENGE THIS INCOME EXECUTION THROUGH THE PROCEDURES PROVIDED IN CPLR ☐ 5231(i) AND CPLR ☐ 5240.

If you think that the amount of your income being deducted under this income execution exceeds that amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

CPLR ☐ 5231(i) Modification: At any time, the judgment debtor may make a motion to the court for an order modifying an income execution.

CPLR ☐ 5240 Modification or protective order: supervision of enforcement: At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

\* Based upon $7.25 federal minimum wage effective July 24, 2009. \*\* Based upon $14.20 NYS minimum wage effective December 31, 2022; or $15.00 NYC minimum effective December 31, 2020. Based upon $15.00 minimum wage for employers in Nassau, Suffolk and Westchester counties, effective December 31, 2021. ^ Based upon $15.00 NYS minimum for fast food employees not located in NYC effective July 1, 2021.

### NEW YORK STATE MINIMUM WAGES

Fast Food Workers, SUNY Employees and Workers for New York State:

| Effective Date | New York City | 30x | 40x |
|---|---|---|---|
| 12/31/2018 | $15.00/hr. | $450.00 | $600.00 |
| Effective Date | Rest of State | 30x | 40x |
| 07/01/2021 | $15.00/hr. | $450.00 | $600.00 |

Workers in All Industries:

| Effective Date | New York City | 30x | 40x |
|---|---|---|---|
| 12/31/2018 | $15.00/hr. | $450.00 | $600.00 |
| Effective Date | Nassau, Suffolk, & Westchester | 30x | 40x |
| 12/31/2021 | $15.00/hr. | $450.00 | $600.00 |
| Effective Date | Rest of State | 30x | 40x |
| 12/31/2022 | $14.20/hr. | $426.00 | $586.00 |

New York City Small Employers (of 10 or less):

| Effective Date | New York City | 30x | 40x |
|---|---|---|---|
| 12/31/2019 | $15.00/hr. | $450.00 | $600.00 |

New York City Large Employers (of 11 or more):

| Effective Date | New York City | 30x | 40x |
|---|---|---|---|
| 12/31/2018 | $15.00/hr. | $450.00 | $600.00 |

\*\*Note: A fast food service industry firm (or fast-food establishment) is any business that meets the following criteria per the Department of Labor:

1. Primarily serves food or drinks, including coffee shops, juice bars, donut shops, and ice cream parlors; and
2. Offers limited service, where customers order and pay before eating, including restaurants with tables but without a full table service, and places that only provide take-out service; and
3. Is part of a chain of 30 or more locations, including individually owned establishments associated with a brand that has 30 or more locations nationally.

Pursuant to CPLR 5205(1), $3,000.00 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments as defined in CPLR 5205(iii)(1), is exempt from execution and the garnishee cannot levy upon or restrain $3,000.00 in such an account.

Pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgement debtor and his or her dependents.