UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Theresa Thomas,

    Plaintiff,

v.

Law Offices of Steven Cohen, LLC, and Steven Cohen,

    Defendants.

**DECISION and ORDER**

23-cv-6453-EAW-MJP

**APPEARANCES**

For Plaintiffs:    **Robert L. Arleo, Esq.**
380 Lexington Avenue
17th Floor
New York, NY 10168

For Defendants:    **Brendan H. Little, Esq.**
Lippes Mathias LLP
50 Fountain Plaza
Suite 1700
Buffalo, NY 14202

## INTRODUCTION

**Pedersen, M.J.** Debt collection practices are not known for being careful. Sometimes a middle initial is dropped or entered incorrectly. Or a social security number is off by one digit. These are somewhat understandable mistakes. This case starts the same way. But then it takes an unfortunate turn.

1

Plaintiff Theresa Thomas learned that the Law Offices of Steven Cohen was pursuing her for a debt. She alerted Cohen and his firm[1] that she is not the correct Theresa Thomas. Yet Cohen proceeded to garnish her wages.

Thomas filed this lawsuit. Because she is not the correct Theresa Thomas, however, adequately pleading her complaint is tricky. Thomas lacks details about the debt involved here because she does not owe it. One of the elements of the FDCPA claim Thomas wants to bring requires her to show that the debt involved here is personal, meaning it is for something like a personal credit card and not a business credit card. Recognizing this, Cohen moved to dismiss under Rule 12(b)(6) because he believes Thomas cannot obtain relief. Cohen has also moved to stay discovery. That is the motion pending before me.

Cohen argues that Thomas is not entitled to discovery until the Hon. Elizabeth A. Wolford, Chief Judge, decides his pending motion to dismiss the amended complaint. Cohen believes he may obtain a stay because the motion to dismiss is meritorious, discovery may prejudice him, and because the motion would decide Thomas' entire case. I disagree. For the following reasons, I **DENY** Cohen's motion to stay discovery and issue a scheduling order under Rule 16.

---

[1] I refer to Cohen and his firm collectively as "Cohen."

BACKGROUND

***Thomas sues Cohen under the FDCPA because she is the wrong Thomas.***

Plaintiff Theresa Thomas—an individual—sued Cohen and his law office under the FDCPA. (Am. Compl. ¶¶ 1–2, 9, ECF No. 9, Oct. 30, 2023.) Thomas alleges that Cohen is a debt collector. (*Id.* ¶¶ 7–8.) Cohen garnished wages from Thomas on a relatively small debt, just $5,244.35. (*Id.*, Ex. 2 at 1, ECF No. 9-2.) Cohen's law firm collected "a total of $374.37" from Thomas. (*Id.* ¶ 24.) But Cohen had the wrong Theresa Thomas.

Cohen garnished Thomas' wages after Thomas had called Cohen's firm, alerting them to the fact that she was the wrong Theresa Thomas. (*Id.* ¶¶ 18–20.) Thomas had received "a consent to change attorney," from which she learned of Cohen's mistake. (*Id.* ¶ 17, Ex. 1.) She called again while her wages were being garnished, asking Cohen to stop. (*Id.* ¶ 25.) Cohen's office told her that "*she* should advise her employer of the mistaken wage garnishment." (*Id.* ¶ 26 (emphasis in original).)

Thomas sued. She alleges violations of the FDCPA, bringing her case "based upon" the "improper and violative debt collection practices utilized and otherwise invoked" by Cohen. (*Id.* ¶ 1 (citing 15 U.S.C. § 1692 *et seq*.).) She adds that she is entitled to "actual damages, statutory damages, attorneys['] fees, and costs, all pursuant to 15 U.S.C. § 1692k." (*Id.* ¶ 2.) But Cohen has a strong counterargument.

3

***Cohen moves to dismiss, arguing Thomas cannot claim she owes a personal debt under the FDCPA.***

Thomas' lawsuit has a wrinkle. Because she is not the correct Theresa Thomas, she may lack personal knowledge of the nature of the alleged debt. So Cohen moved to dismiss under Rule 12(b)(6). (ECF No. 11, Nov. 13, 2023.) Cohen states that because Thomas "claims that" Cohen "attempted to collect on an account that does not belong to [Thomas] she is unable to articulate a factual basis that the account meets the statutory definition of debt" under the FDCPA. (Mem. of Law in Support of Mot. to Stay at 1, ECF No. 18-1, Nov. 22, 2023.) Cohen repeatedly points to Thomas' statement that she is "unaware of the specific basis of the debt at issue but is confident that the debt was incurred for personal, family and/or household purposes." (Letter at 1, ECF No. 13, Nov. 15, 2023.) But this statement is not a part of the amended complaint. And it is hardly dispositive of this case.

Rather, the amended complaint contains several indicators that this debt is personal. First, the amended complaint notes that the case Cohen brought against Thomas was against Thomas individually—not a corporation or other business entity. (*See, e.g.*, Am. Compl. ¶¶ 3, 18, 22–26, Exs. 1 & 2, ECF Nos. 9, 9-1 & 9-2.)  It appears that the correct Thomas is also an individual—and that Cohen is aware of this. (*See id.* ¶¶ 17–23.) Second, and relatedly, Exhibits 1 and 2 of the complaint indicate that Thomas resides at a residential address, suggesting that the

4

actual debt is personal. Third, the amount of the debt and the amount garnished are small. (*Id.* ¶ 24, Ex. 2 at 1 (noting the original amount as "$5244.35").). Below, I recount additional indicators.

Although I find these indicators are present, I am careful to note that they push Thomas' motion across only one finish line. As I discuss, the standard for a stay of discovery is an uphill battle for Cohen. Chief Judge Wolford may decide differently on the motion to dismiss the amended complaint under the standard provided by Rule 12(b)(6).

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not automatically call for a stay of discovery when a motion to dismiss is filed, and 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" *Allah v. Latona*, 522 F. Supp. 3d 1, 2 (W.D.N.Y. 2021) (quoting *Hong Leong Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). The omission of an automatic stay provision from the federal rules serves the salutary purpose of preventing gamesmanship. A defendant may not hold up a case by filing a Rule 12(b)(6) motion.

Instead, "[c]ourts have considerable discretion to stay [discovery] upon a showing of good cause." *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022) (citing *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)) (alterations

added). That discretion should be exercised carefully, and only after "look[ing] to the particular circumstances and posture of" the case. *Allah*, 522 F. Supp. 3d at 2 (quoting *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72).

And even with such discretion, the party seeking a stay faces an uphill battle. First, there is the "good cause" requirement. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (citation omitted). What is more, the party seeking a stay must prevail on a set of factors that courts consider: "(1) the breadth of discovery sought[;] (2) any prejudice that would result[;] and (3) the strength of the motion." *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72) (alterations added); *accord Allah*, 522 F. Supp. 3d at 2–3. Again, this is an uphill battle.

## DISCUSSION

### *The "strength of the motion" factor favors denying Cohen's motion to stay discovery.*

The strength of the motion factor requires "substantial arguments for dismissal." *Ema Financial, LLC*, 336 F.R.D. at 79 (quoting *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72) (cleaned up). It "requires a strong showing that the opposing party's claim is unmeritorious." *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72) (cleaned up); *see also Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.

6

1971) ("The right to proceed in court should not be denied except under the most extreme circumstances."). Cohen fails to meet this burden.

The FDCPA applies where a debt collector attempts to collect from the wrong person—or the debt is made up. Yet it also requires that "the allegedly unlawful activity … arise out of a qualifying 'debt.'" *Lewis v. Scott, Parnell & Assocs., P.C.*, No. 16-CV-00290-PCH, 2016 WL 8078309, at *2 (M.D. Ala. Dec. 16, 2016) (citation omitted). A plaintiff like Thomas must adequately plead under the *Twombly/Iqbal* standard that the underlying debt is "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). It is not entirely clear what this involves.

That is because courts take different approaches about how a plaintiff must meet this standard. *Compare id.* n.2 ("Recognizing this, some courts have reasoned, convincingly, that plaintiffs who were mistakenly pursued do not need to prove the underlying debt meets the definition set forth" in Section 1692a(5)) (collecting cases) *with Morris v. Resurgent Cap. Servs.*, No. 23-CV-751, 2023 WL 6931114, at *4 (W.D. Mich. Sep. 25, 2023), *adopted*, 2023 WL 6929639 (Oct. 19, 2023) (holding it is "reasonable to require the plaintiff to at least present some evidence that the debt was consumer in nature" on a Rule 12(b)(6) motion). The parties here have done likewise.

7

Thomas points out that part of the FDCPA's purpose is to "eliminate the recurring problem of debt collectors dunning the wrong person." *Lewis*, 2016 WL 8078309, at *3 (quotation omitted). Her point is well-taken. "It would be absurd to hold that a plaintiff who is subject to debt collection efforts for an obligation that he does not owe is ineligible for the FDCPA's protections simply because he cannot characterize the nature of that obligation." *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919, 925 (E.D. Cal. 2014). But I do not think it is enough for a complaint to state simply that "upon information and belief, the debt is personal," as Thomas does here.

To that end, Cohen aptly points to cases like *Morris* where the court found that the complaint "allege[d] no fact suggesting that the debt was consumer in nature." *Morris*, 2023 WL 6931114, at *4. And Cohen persuasively argues that FDCPA plaintiffs do not have *carte blanche* to ignore the *Twombly/Iqbal* standard. Happily, Thomas' complaint meets the higher burden that cases like *Morris* provide.

To meet this higher burden, Thomas' complaint contains several indicators "showing that the debt is consumer in nature." *Id*. (quoting *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1306 (S.D. Fla. 2016)). And I may consider them even if they are only attached to her complaint. *Cf. United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2679 (2022) (quoting *DiFolco*

8

*v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). So I find that this factor favors denying Cohen's motion to stay.

First, the amended complaint notes that the debt is for a small amount. *See Lewis*, 2016 WL 8078309, at *3. Second, Cohen does not contest that he is a debt collector. *See id.* And Thomas plausibly claims that "the alleged debtor is an individual and not a business." *Id.* This corresponds to other materials Thomas attaches to her complaint indicating that the original debt-holder trades mostly in consumer debts. It also seems plausible to infer that "the address" that Cohen "associated with the debtor's account was residential." *Id.* I thus determine that the first factor favors denial of Cohen's motion for a stay.

***The prejudice and breadth of discovery factors slightly favor granting a stay.***

**Cohen will not be prejudiced if this case proceeds to discovery.** The party seeking a stay bears the burden of showing specifically how responding to discovery would be prejudicial. *See, e.g., Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334 (PGG) (SLC), 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying motion to stay discovery where defendant failed to explain why discovery

requests were "overbroad" or "unduly burdensome"). Cohen makes no meaningful statement about the prejudice that discovery itself would pose, pointing only to Thomas' premature discovery requests, financial cost, and that his motion to dismiss as being likely to resolve the case if it succeeds.

Even so, I agree with much of what Cohen says. I am concerned by Thomas' counsel's pre-discovery conduct. There will be time for Thomas to request the retail installment contract she seeks. (*See* Letter, ECF No. 17, Nov. 21, 2023.) Moreover, Cohen's counsel indicated during oral argument that a litigation hold is in place. Thus, Cohen may—and should—bring overly aggressive discovery tactics to my attention.

But this does not change the essentials for a stay: Cohen's threadbare assertions of expense or burden do not rise to the level of prejudice for purposes of staying discovery. *See, e.g., Boden v. HMSHost Corp.,* No. 15-cv-606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) (denying motion to stay discovery pending motion to dismiss because movant did "not provide any specific arguments to support their position that discovery in this action may be 'potentially expensive'"); *E.E.O.C. v. Fair Oaks Dairy Farms, LLC,* No. 2:11-cv-265, 2012 WL 3138108, at *3 (N.D. Ind. Aug. 1, 2012) ("simply stat[ing] that the discovery would be burdensome and expensive without greater detail" was "fatal" to stay

10

request) (alteration added). This lack of discussion of prejudice also indicates a lack of breadth of discovery.

Thus, Cohen has also not meaningfully discussed the breadth of discovery. He has not demonstrated, for example, that this would be a "document-rich case." *Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, No. 19-CV-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020) (citation omitted). Rather, this case appears to involve just two parties and a straightforward set of facts.[2] I therefore determine that Cohen has not shown prejudice from proceeding to discovery, nor has he demonstrated that discovery itself would be extensive.

**Thomas could be prejudiced if I enter a stay.** While not of great concern given the newness of this case and Cohen's litigation hold, courts within the Second Circuit recognize the risks of stays posed by the passage of time and of witnesses' memories fading. *See, e.g.,*

---

[2] I note that Cohen also argues that his pending motion to dismiss would decide all the claims pending before the Court. While this consideration favors granting a stay, it is outweighed by the other factors and considerations I have discussed. And it is also tied to the breadth of discovery factor, which I find favors denial of a stay. *See TentandTable.com, LLC v. Aljibouri*, No. 22-CV-78-LJV-MJR, 2022 WL 2009528, at *1 (W.D.N.Y. June 6, 2022) (quoting *Buffalo Emergency Assocs.*, 2020 WL 3259252, at *1) ("All defendants have moved to dismiss all fifteen claims in the complaint for their failure to state a claim … And while the resolution of that motion is for another day, a pe[e]k at the motion indicates that, at the very least, it 'may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.'") (alteration added and internal citation omitted).

11

*Kirschner*, 2020 WL 232183, at *3. And there is some risk that ESI may be inadvertently destroyed despite the litigation hold. *See, e.g., Mix v. Ocwen Loan Servicing, LLC*, No. 17-cv-0699JLR, 2017 WL 5549795, at *8 (W.D. Wash. Nov. 17, 2017) (noting that delay "will result in some prejudice" given "the potential destruction of cell phone records"). This factor slightly favors denying a stay.

The Western District has found, however, that a plaintiff is less likely to face prejudice if only "money damages, not equitable relief, is at stake." *Buffalo Emergency Assocs., LLP*, 2020 WL 3259252, at *1. This may be true—but it is not as if money damages make the passage of time any more or less potentially damaging to a party seeking evidence. That risk remains no matter the type of damages. And I do not find that Cohen has met his burden on this factor.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Cohen's motion for a stay of discovery pending the outcome of Chief Judge Wolford's decision on the motion to dismiss. The Court will issue a separate order pursuant to Fed. R. Civ. P. 16.

**IT IS SO ORDERED.**

Dated:   January 2, 2024
Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge

12